```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
SHIRLEY Y. KWAN,                      :  05 Civ. 0459 (SHS) (JCF)
                                      :
              Plaintiff,              :       MEMORANDUM
                                      :       AND  ORDER
     - against -                      :
                                      :
ALAN M. SCHLEIN, MICHAEL L. SANKEY,:
CARL R. ERNST, J.J. NEWBY, PETER J.:
WEBER, BUSINESS RESOURCE BUREAU,    :
INC., BRB PUBLICATIONS, FACTS ON    :
DEMAND PRESS, SCHLEIN NEWS BUREAU, :
JOHN/JANE DOE,                       :
                                      :
              Defendants.            :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This action arises out of the publication of "Find It Online," a how-to book intended to provide tips for conducting internet searches. The plaintiff, Shirley Y. Kwan, contends that she was deprived of her rights to authorship credit and to royalties by her co-author, defendant Alan M. Schlein, and by the publisher, defendant Business Resource Bureau, Inc. ("BRB").[1]  Ms. Kwan now moves pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to file a Second Amended Complaint.  Each defendant has opposed the plaintiff's motion and has cross-moved to dismiss

---

[1] Two of the entities identified in the caption, BRB Publications and Facts on Demand Press, are apparently merely trade names for BRB.  (Transcript of proceedings before the Honorable Sidney H. Stein dated March 23, 2007 ("Tr.") at 14).  The claims against the other defendants were dismissed without prejudice in July 2006 because they were never served with the summons and complaint.

certain of the plaintiff's claims to the extent amendment is permitted. BRB also seeks an order revoking Ms. Kwan's in forma pauperis status. For the reasons set forth below, the plaintiff's motion to amend is granted in part and denied in part and the defendants' cross-motions are denied.

Background

The underlying facts are set forth in detail in the Court's decision on the defendants' initial motions to dismiss, Kwan v. Schlein, 441 F. Supp. 2d 491 (S.D.N.Y. 2006), and will be repeated here only to the extent necessary to understand the pending motions. In August 1998, Ms. Kwan entered into a contract with BRB to edit "Find It Online," which was to be written principally by Mr. Schlein. In return, Ms. Kwan was to receive $2,000 together with 20 percent of any royalties. However, the plaintiff's role allegedly expanded, and BRB's President, Michael Sankey, purportedly promised to identify her as a co-author on the cover of the book. This agreement was never reduced to writing. When the book was published in February 1999, Mr. Schlein was listed as the only author, and Ms. Kwan was identified as one of three editors. In addition, a month prior to publication, BRB and Mr. Schlein filed copyright registrations listing themselves as joint authors.

Several revisions of "Find It Online" followed. The Second Edition was published in 2002 and again identified Ms. Kwan as an editor. The Third and Fourth editions were published in 2003 and

2

2004, respectively, and did not credit the plaintiff at all. According to the plaintiff, a Revised Fourth Edition was issued in 2006 or 2007. In February 2005, Ms. Kwan submitted an application for copyright registration identifying herself as a co-author of "Find It Online" and indicating that the work was completed in 1998. (Application for Registration of Copyright Claim dated Feb. 24, 2005 ("2/24/05 Copyright App."), attached as part of Exh. G to Affirmation of Mathew P. Barry dated Sept. 7, 2007 ("Barry Aff.")).

Meanwhile, on December 13, 2004, the plaintiff, proceeding pro se, submitted the initial Complaint in this action. Former Chief Judge Michael B. Mukasey determined that it did not meet the minimal pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and directed Ms. Kwan to file an Amended Complaint. (Order dated Jan. 14, 2005). She did so on March 9, 2005. The Amended Complaint included a wide variety of assertions, including claims of copyright infringement, breach of contract, unfair competition, fraudulent notice of copyright, false representations, sexual harassment, conspiracy, fraud, deceit and misrepresentation, debt, defamation, tortious interference with precontractual relations, race discrimination, and gender discrimination. The defendants moved to dismiss pursuant to Rule 12(b)(5) for failure to make proper service and pursuant to Rule 12(b)(6) because some of the allegations did not articulate cognizable claims and because some claims were barred by the statute of limitations.

In an Opinion and Order dated July 14, 2006, the Honorable Sidney H. Stein, U.S.D.J., dismissed the Amended Complaint without prejudice as to all defendants except Mr. Schlein for failure to effect proper service. Kwan, 441 F. Supp. 2d at 496-98. Judge Stein further determined that Ms. Kwan's claim of copyright infringement against Mr. Schlein failed because she had asserted that he was a co-author of the book, and one joint author may not sue another for infringement. Id. at 498. Nevertheless, Judge Stein liberally construed the Amended Complaint as asserting a claim for a declaration of co-authorship rights. However, any such claim was untimely since it had accrued when "Find It Online" was first published in 1999, and the three-year statute of limitations under the Copyright Act had lapsed by the time Ms. Kwan initiated this litigation. Id. at 499. Judge Stein also found that the plaintiff's fraud claim against Mr. Schlein was barred by New York's six-year statute of limitations because none of the allegedly false statements was made after 1998. Id. at 503-04. Finally, Judge Stein dismissed the remaining claims against Mr. Schlein except for the claims of racial discrimination and unfair competition. Id. at 499-506.

A new flurry of motions followed. Ms. Kwan and Mr. Schlein each moved for reconsideration of the Court's July 14, 2006 Opinion and Order, and Mr. Schlein also moved to dismiss the unfair competition claim. BRB again moved to dismiss the Amended

Complaint for lack of proper service and for failure to state a claim.  Judge Stein set forth his determinations on the record on March 23, 2007, and memorialized them in an Order of the same date (the "3/23/07 Order").  He denied both Ms. Kwan's and Mr. Schlein's motions for reconsideration, but he granted Mr. Schlein's motion to dismiss the plaintiff's claim of unfair competition.  (3/23/07 Order, ¶¶ 1, 3, 4).  Judge Stein denied BRB's motion to dismiss for failure to make proper service, but he dismissed each of the claims against BRB on substantive grounds except those for copyright infringement and racial discrimination.  (3/23/07 Order, ¶ 2). With respect to the fraud claim, Judge Stein found that it was time-barred as to BRB just as it was as to Mr. Schlein.  (Tr. at 18-19).   However, he declined to dismiss the copyright claim because, unlike Mr. Schlein, BRB was not a co-author with Ms. Kwan, and so her infringement claim was not automatically precluded. (Tr. at 19-20).

Having represented herself up to that point, Ms. Kwan then engaged counsel, who filed the instant motion to amend and submitted a proposed Second Amended Complaint (the "SAC"), asserting four causes of action.  Count One alleges that all defendants have infringed the plaintiff's copyright in the First Edition of "Find It Online" by creating the Second, Third, and Fourth Editions and a Revised Fourth Edition, in violation of the Copyright Act, 17 U.S.C. § 504(b).  (SAC, ¶¶ 24-29).  In the Second

Count, Ms. Kwan alleges that she is entitled to an accounting of profits for each of the editions after the Second Edition. (SAC, ¶¶ 30-34). The Third Count claims that each defendant engaged in racial discrimination in violation of 42 U.S.C. § 1981(b). Finally, the Fourth Count alleges common law fraud against BRB in connection with purportedly false statements contained in a letter to Ms. Kwan dated May 23, 2002, in which BRB stated that the Third Edition was "completely rewritten" from the Second Edition. (SAC, ¶¶ 15, 38-41).

Discussion

    A. Standard for Amendment

    A motion to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Notwithstanding the liberality of the general rule, "it is within the sound discretion of the court whether to grant leave to amend." John Hancock Mutual Life Insurance Co. V. Amerford International Corp., 22 F.3d 458, 462 (2d Cir. 1994); accord Krumme v. WestPoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998). In discussing the use of this discretion, the Supreme Court has stated:

> In the absence of any apparent or declared reason -- such
> as undue delay, bad faith or dilatory motive on the part
> of the movant, repeated failure to cure deficiencies by
> amendments previously allowed, undue prejudice to the
> opposing party by virtue of allowance of the amendment,
> futility of amendment, etc. -- the leave should . . . be
> freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

Here, the defendants argue that Ms. Kwan's motion to amend is futile.  A motion to amend may be denied as futile if the amendment would not withstand a motion to dismiss pursuant to Rule 12(b)(6). See also Oneida Indian Nation of New York v. City of Sherill, 337 F.3d 139, 168 (2d Cir. 2003), rev'd on other grounds, 544 U.S. 197 (2005); Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001); Smith v. CPC International, Inc., 104 F. Supp. 2d 272, 274 (S.D.N.Y. 2000).  To overcome objections of futility, the moving party must merely show that it has "at least colorable grounds for relief."   Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted); see also Kaster v. Modification Systems, Inc., 731 F.2d 1014, 1018 (2d Cir. 1984).

B. Claim for an Accounting

In the Second Amended Complaint, Ms. Kwan asserts a claim for an accounting which is predicated on an assertion that she is a joint author of "Find It Online."  (SAC, ¶ 31).  Previously, Judge Stein determined that any claim of co-authorship was barred by the Copyright Act's three-year statute of limitations.   Kwan, 441 F. Supp. 2d at 499.  The plaintiff recognizes this but argues that while Judge Stein's decision governs any rights in the First Edition, she is still entitled to a share of the profits for the

Third, Fourth, and Revised Fourth Editions.  (Plaintiff's Reply in Support of Plaintiff's Motion to Amend the Complaint ("Pl. Reply") at 7-8).  According to Ms. Kwan, each edition of "Find It Online" after the First Edition is a separate derivative work for which she can assert a claim.  (Pl. Reply at 1-3).

There are two respects in which the plaintiff could conceivably be asserting rights in the derivative works.  She could be contending that she contributed material after the First Edition or, alternatively, she could be arguing that co-authorship of the First Edition gives her rights in the later versions.  Rights in derivative works may arise from "[t]he aspects . . . added by the derivative author, which are that author's property" or aspects "drawn from the pre-existing work, which remain[] on grant from the owner of the pre-existing work."  Stewart v. Abend, 495 U.S. 207, 223 (1990).  Ms. Kwan has never asserted that she worked on any edition of "Find It Online" after the first, and her own copyright applications state that the work was completed in 1998.  (2/24/05 Copyright App.; Application for Registration of Copyright Claim dated Jan. 25, 2007 ("1/25/07 Copyright App."), attached as Exh. 2 to Declaration of Jeffrey Sonnabend dated Sept. 21, 2007).  However, the plaintiff is precluded from asserting any claim to profits from later versions based on co-authorship of the First Edition.  "The joint authorship of the underlying work does not confer any property right in the new work, save those rights which

8

the co-author . . . of the previous works retains in the material used as part of the compilation of the derivative work." <u>Weissmann v. Freeman</u>, 868 F.2d 1313, 1319 (2d Cir. 1989).  Thus, unless the plaintiff could establish joint authorship of the First Edition, she has no property rights in subsequent editions.  But, Ms. Kwan cannot assert joint authorship rights in the subsequent editions because "plaintiffs claiming to be co-authors are time-barred three years after accrual of their claim from seeking a declaration of copyright co-ownership rights and <u>any remedies that would flow from such a declaration</u>," <u>Merchant v. Levy</u>, 92 F.3d 51, 56 (2d Cir. 1996) (emphasis added).  Amendment to include the Second Count of the proposed Second Amended Complaint would therefore be futile.

    C. <u>Copyright Infringement</u>

      1. <u>Claims Against Alan M. Schlein</u>

Judge Stein dismissed the plaintiff's copyright claim against Mr. Schlein on the ground that joint authors may not sue one another for infringement. <u>Kwan</u>, 441 F. Supp. 2d at 498.  However, the plaintiff now contends that she is entitled to assert an alternative claim of sole authorship which would not be inconsistent with her cause of action for copyright infringement. (Pl. Reply at 3-5).

To be sure, litigants have substantial leeway under Rule 8(e) to plead alternative, and even inconsistent, claims. <u>See</u> <u>Henry v. Daytop Village, Inc.</u>, 42 F.3d 89, 95-96 (2d Cir. 1994).  However,

9

each alternative theory must itself be sufficient to state a claim, and "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___, 127 S. Ct. 1955, 1965 (2007). Moreover, alternative pleading must conform to the requirements of Rule 11. <u>See</u> Fed. R. Civ. P. 8(e)(2).

> A party [] should not set forth inconsistent, or alternative, or hypothetical statements in the pleadings unless, after a reasonable inquiry, the pleader legitimately is in doubt about the factual background or legal theories supporting the claims or defenses or is otherwise justified in pleading in this fashion and the pleader can represent that he is not doing so for an improper purpose.

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1285 (3d ed. 2004).

In this case, Ms. Kwan has proffered factual allegations in support of a theory of co-authorship. In the Amended Complaint that she submitted <u>pro se</u>, she recounted the work that she and Mr. Schlein performed together for "Find It Online," and she specifically stated that she had refused "a lesser credit than co-author." (Amended Complaint, ¶¶ 1-3, 8). Similarly, the proposed Second Amended Complaint refers to Mr. Schlein as an author of the First Edition, with Ms. Kwan as having "authored substantial portions" as well. (SAC, ¶¶ 10-12). By contrast, there are no factual allegations in the Second Amended Complaint that would serve as the basis for a claim that Ms. Kwan was the sole author. This is not surprising, since in her original application for

copyright registration, the plaintiff specifically identified herself and Mr. Schlein as co-authors (2/24/05 Copyright App.). Even if Ms. Kwan could allege facts supporting a claim of sole authorship without violating her obligations under Rule 11, she has not done so.

Any claim of copyright infringement against Mr. Schlein is therefore barred.

       2. <u>Claims Against BRB</u>

BRB contends that the plaintiff's copyright claims against it are similarly futile because it, like Mr. Schlein, was a joint author of "Find It Online" and therefore immune from suit by Ms. Kwan. (Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to Amend and in Support of It's [sic] Cross-Motion to Dismiss ("BRB Memo.") at 8, 9-12). In the alternative, BRB styles its opposition as a cross-motion to dismiss the infringement claim. (BRB Memo. at 9-12). However, Judge Stein previously denied BRB's motion to dismiss the copyright claims against it. (3/23/07 Order, ¶ 2). In doing so, he rejected the very argument that BRB now advances, stating:

> Kwan has alleged that she owns the copyright to "Find It Online" and that BRB has unlawfully copied and published it without her permission. Those defendants are not "co-authors," as was Schlein, such that dismissal on the ground that a co-author cannot infringe is improper.

(Tr. at 19-20). BRB, therefore, is simply moving for reconsideration of Judge Stein's prior determination, and, since

any such motion must be made within ten days of entry of the challenged order, Local Civ. Rule 6.3, BRB's motion is patently untimely.

BRB's argument would not be a basis for dismissing the plaintiff's copyright claim in any event. While Ms. Kwan acknowledged in her pleadings that Mr. Schlein was a co-author, BRB is relying not on any equivalent admission; it is relying solely on its own copyright registration. (Barry Aff., ¶¶ 18-20). That registration, however, only creates a rebuttable presumption of authorship. See Estate of Burne Hogarth v. Edgar Rice Burroughs, Inc., 342 F.3d 149, 165-67 (2d Cir. 2003); Langman Fabrics v. Graff Californiawear, Inc., 160 F.3d 106, 111 (2d Cir. 1998). Therefore, a motion to dismiss is not the appropriate vehicle for BRB to challenge the copyright claim.

BRB also contests the plaintiff's claim for statutory damages and attorneys' fees pursuant to 17 U.S.C. §§ 504(c) and 505, respectively. It argues that such relief is foreclosed by 17 U.S.C. § 412, which provides that "no award of statutory damages or attorney's fees . . . shall be made for . . . any infringement of copyright commenced after the first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." BRB notes that the First Edition of "Find It Online" was published in 1999, the Second Edition in

September 2000, the Third Edition in January 2003, and the Fourth Edition in June 2004, while the plaintiff did not file any application to register a copyright until February 25, 2005. (BRB Memo. at 14). However, Ms. Kwan alleges that a Revised Fourth Edition was prepared in 2006 or 2007 (SAC, ¶ 20),[2] after she had submitted her own copyright application. It is arguable that publication of each edition marks the "commencement of [a new] infringement" for purposes of § 412, so that statutory damages and attorneys' fees would not be barred as to claims arising out of the most recent version of "Find It Online." Cf. Fournier v. McCann Erickson, 202 F. Supp. 2d 290, 298 (S.D.N.Y. 2002) (series of acts constituting continuing infringement, such as multiple sales or repeated use of work in a single, unified advertising campaign, does not commence infringement anew for purposes of § 412).

Accordingly, the plaintiff may assert the copyright infringement claim contained in the First Count of the Second Amended Complaint against BRB and is not limited with respect to the relief requested.

D. Fraud

In his prior order, Judge Stein dismissed the plaintiff's fraud claim against BRB as time-barred. (3/23/07 Order, ¶ 2; Tr.

---

[2] BRB argues that, as a factual matter, the "Revised Fourth Edition" is not distinct from the "Fourth Edition," and that the latter was first published in 2004. (BRB Reply at 6-7). However, such a factual dispute cannot be resolved on a motion to amend or a motion to dismiss.

at 18-19).  The same factual predicates that are now alleged in the Second Amended Complaint were also asserted in the Amended Complaint considered by Judge Stein.  (SAC, ¶¶ 15, 39; Amended Complaint, ¶ 17).  Any attempt by Ms. Kwan to reinstitute that claim therefore constitutes an untimely motion for reconsideration. Indeed, in her reply papers, the plaintiff makes no effort to rebut BRB's argument that this claim is foreclosed.  The Fourth Claim of the Second Amended Complaint is therefore futile.

E. <u>In Forma Pauperis Status</u>

Finally, BRB seeks an order revoking Ms. Kwan's <u>in forma pauperis</u> status because she is now represented by counsel.  But authorization to commence litigation without the prepayment of fees is based on the resources of the litigant and not on whether she has obtained counsel.  28 U.S.C. § 1915(a)(1).  Absent a showing that payments by Ms. Kwan to her attorney demonstrate that she is no longer indigent, there is no basis for reconsidering her <u>in forma pauperis</u> status.

<u>Conclusion</u>

For the reasons set forth above, the plaintiff's motion to amend her pleadings is granted to the extent that she may assert the claims of copyright infringement against BRB and discrimination on the basis of race against both defendants.[3]  Insofar as the

---

[3] In the current round of motions, the defendants have not objected to the plaintiff's continued assertion of the race discrimination claim.

14

remaining claims would be futile, leave to amend is denied. The

defendants' cross-motions are denied. Within ten days of the date

of this Order, the plaintiff shall file a Second Amended Complaint

consistent with these determinations.

SO ORDERED.

James C. Francis IV

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       October 23, 2007

Copies mailed this date:

Jeffrey Sonnabend, Esq.
SonnabendLaw
600 Prospect Avenue
Brooklyn, New York 11215

Lawrence D. Bernfeld, Esq.
Graubard Miller
405 Lexington Avenue, 19th Floor
New York, New York 10174

Mathew P. Barry, Esq.
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway
Albany, New York 12207

15